## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-80421-BLOOM

REGINALD ANDREW PAULK, SR.,

      Plaintiff,

v.

RICK BRADSHAW, *et al.*,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Reginald Andrew Paulk, Sr.'s civil rights complaint filed under 42 U.S.C. § 1983 ("Complaint"), ECF No. [1], and his Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [3]. For reasons set forth below, the Application is granted, and the Complaint is dismissed with leave to amend.

### I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Application is governed by 28 U.S.C. § 1915(b). A prisoner granted leave to proceed *in forma pauperis* is required to pay the $350.00 filing fee but may do so in installments. *See* 28 U.S.C. § 1915(b)(1). Plaintiff must make an initial payment of "20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). In addition to the initial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). This filing fee will be collected even if the Court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks money damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

On February 12, 2022, Plaintiff was transported to the South Florida Reception Center where he is currently incarcerated. ECF No. [3] at 1; *see* ECF No. [1] at 6. He submitted his inmate account statement for the month of February 2022. ECF No. [3] at 3. For that time period, the account statement shows a beginning and ending balance of $0.00. *Id.* Plaintiff has established that he cannot at present pay even the partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial filing fee.").

## II.    FACTUAL ALLEGATIONS

At the time of the events underlying the Complaint, Plaintiff was a pretrial inmate in the custody of the Palm Beach County Sheriff's Office ("PBCSO"). ECF No. [1] at 2. Plaintiff alleges that while he was in the custody of the PBCSO, "jail officials and health care provider[s] who oversaw medical care for inmates were aware of [his] degenerative joint/knee d[i]sease[.]" *Id.* (alterations added). Plaintiff states that the medical staff took x-rays of his knee and two Wellpath-contracted orthopedic specialists reviewed the x-rays and determined that "[im]mediate knee replacement surgery was required." *Id.* at 3 (alteration added).

Plaintiff states that his medical condition was "well documented" through medical records, grievances, and medical request forms. *Id.* at 3. He repeatedly requested medical passes, pain medication, and to be rehoused in the medical dormitory or the jail infirmary so that he could have "easier access to medical assistance[,]" but Defendants failed to provide adequate care and deliberately delayed or denied his medical treatment. *Id.* (alteration added). Each time Plaintiff filed a grievance complaining of inadequate medical treatment, he was then "seen by medical staff 'triage' only to be prescribed Ibuprof[e]n or Tylenol[,] which is generally prescribed (5) days and

2

[then he] would have to start the process all over again[.]" *Id.* at 5 (alterations added). He alleges that Sgt. Ward, the Grievance Coordinator, "knew this and it prevented [him] from exercising any right to appeal." *Id.* (alteration added).

On February 3, 2022, Plaintiff was sentenced and ordered to be transferred into the custody of the Florida Department of Corrections. *Id.* at 6. He states that such a transfer is normally completed 60-90 days after sentencing, however, Plaintiff was transported to the South Florida Reception Center on February 12, 2022, only nine days later. *Id.* Plaintiff implies that the transfer was completed in a short time frame in order to further delay or deny treatment of his medical condition. *Id.* Plaintiff seeks transport "back to Palm Beach County for his desperately needed knee replacement surgery," and compensatory damages for pain and suffering. *Id.* at 7.

## III.   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Although the Court must liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (per curiam) (citation omitted). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (citation and internal quotations marks omitted). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . judges cannot and must not 'fill in the blanks' for pro se litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172-CIV, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation omitted).

Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A

shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Notwithstanding the leniency afforded to *pro se* litigants, it does not permit them to file an impermissible "shotgun" pleading.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type of shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. *Id.* Fourth, and finally, there is the relatively rare shotgun pleading that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.*

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit, thus, has established that shotgun pleading is an unacceptable form

of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

### IV.   DISCUSSION

Plaintiff names Palm Beach County Sheriff's Officers, Sergeant A. Ward and Sheriff Rick Bradshaw, as Defendants in the Complaint. ECF No. [1] at 1-2. Plaintiff also names as a defendant the entity that oversees the medical treatment of inmates in PBCSO detention centers, Wellpath Health Services ("Wellpath"). *Id.* at 2; *see id.* at 4. Based on the allegations, which must be construed liberally at this preliminary stage, Plaintiff raises claims of deliberate indifference to a serious medical need and medical negligence against all named Defendants. *Id.* "While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of the Fourteenth Amendment." *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). Because Plaintiff was a pretrial detainee at the time of the events alleged in the Complaint, the Court analyzes his claims under the Due Process Clause of the Fourteenth Amendment.

#### a.   Failure to Verify Complaint

Federal Rule of Civil Procedure 11(a) requires a signature for "[e]very pleading, written motion, and other paper[.]" *Id.* (alterations added). Plaintiff did not sign the Complaint prior to submitting it for filing. The Clerk is directed to provide Plaintiff with a copy of the District's form for a Complaint for Violation of Civil rights pursuant to 28 U.S.C. § 1983. If Plaintiff files an amended complaint, he must read the instructions and endorse it.

#### b.   Shotgun Pleading

To the extent Plaintiff intended to sue multiple defendants, adherence to Fed. R. Civ. P. 10 should be followed more closely. Pursuant to Fed. R. Civ. P. 10(b), "[a] party must state its claims

or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Here, Plaintiff's claims against multiple defendants would be clearer if different claims were separated by count. Plaintiff's failure to do so also reveals that the Complaint qualifies as the third category of shotgun pleading for not separating into different paragraphs each count or claim for relief. *See Weiland*, 792 F.3d at 1321-23.

### c.   Deliberate Indifference to a Serious Medical Need - Individual Capacity

"A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Fourteenth Amendment." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003)). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). "First, the plaintiff must prove an objectively serious medical need." *Id.* (citation omitted). "Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need." *Id.* (citation omitted).

"To establish . . . deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Id.* (citation omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam) (citation omitted).

Setting aside any consideration of whether Plaintiff has alleged an objectively serious medical need, Plaintiff has not stated a plausible claim against any of the Defendants. First,

Plaintiff does not allege that Sheriff Bradshaw had any personal involvement in denying or delaying his medical treatment. In fact, aside from being named as a defendant, Sheriff Bradshaw is not otherwise mentioned in the Complaint. Thus, he has no individual capacity liability for Plaintiff's deliberate indifference to a serious medical need claim. *See Iqbal*, 556 U.S. at 677 (under § 1983 "each Government official . . . is only liable for his or her own misconduct" (alteration added)).

Next, Plaintiff's allegations against Wellpath are as follows: Wellpath was aware of Plaintiff's degenerative joint/knee condition, ECF No. [1] at 2; two Wellpath-contracted orthopedic specialists reviewed Plaintiff's x-rays and concluded that "immediate knee replacement surgery was required[,]" *id.* at 3 (alteration added); and Wellpath contributed to the delay and denial of medical treatment when it failed "to provide recom[m]ended/prescribed treatment[,]" *id.* at 4 (alterations added). Because he fails to provide any factual support that Wellpath disregarded a serious risk of harm, Plaintiff's allegations against Wellpath are merely a formulaic recitation of the elements of a deliberate indifference to a serious medical need claim.

Finally, as to Sgt. Ward, the Complaint states that had he investigated Plaintiff's grievances and medical requests he would have known that two outside orthopedic specialists recommended an immediate knee replacement surgery. *Id.* at 6. Then, nine days after he was sentenced, Plaintiff was transferred to the South Florida Reception Center and out of the custody of the PBCSO. *Id.* He characterizes the timing of the transfer as relatively abrupt and implies that his transfer was completed in order to avoid providing his knee surgery. *Id.* However, the Complaint is scant on detail regarding the timing of his diagnosis, the recommendation that he receive knee replacement surgery, and his transfer out of the custody of PBCSO. Moreover, Sgt. Ward is not directly implicated in Plaintiff's suspicions nor are there any allegations that he controlled the timing of Plaintiff's transfer. Furthermore, Plaintiff's allegations against Sgt. Ward concern Sgt. Ward's

response to Plaintiff's grievances. *Id.* at 6. Outside of the grievances, Plaintiff does not allege any personal interactions with Sgt. Ward regarding his medical care. These allegations are not specific enough or serious enough to state a deliberate indifference to a serious medical need claim or a constitutional violation.

### d. Supervisory Liability

It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (quoting *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007)). A supervisor can only be held liable under § 1983 if he "personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *West*, 496 F.3d at 1328 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (alteration added; internal quotation marks omitted)).

To state a supervisory liability claim, a plaintiff must allege: (1) the personal involvement of the supervisor in the violation of the plaintiff's constitutional rights; (2) the existence of either a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights; (3) facts that support an inference that the supervisor directed the unlawful action or knowingly failed to prevent it; or (4) a history of widespread abuse that put the supervisor on notice of an alleged constitutional deprivation that he then failed to correct. *See West*, 496 F.3d at 1328-29 (listing factors in context of summary judgment). However, a supervisor is not liable under § 1983 for mere negligence in the training or supervision of his employees. *Greason v. Kemp*, 891 F.2d 829, 836-37 (11th Cir. 1990). The mere fact a defendant occupies a supervisory position is not enough. Instead, a plaintiff must "show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and

the alleged constitutional violation." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted).

Plaintiff names Sheriff Bradshaw as a Defendant but fails to allege that he had any personal involvement in the attack. Nor does Plaintiff allege either that Sheriff Bradshaw was aware Plaintiff's medical treatment was being denied or delayed or that he directed subordinates to deny or delay Plaintiff's medical treatment. *See West*, 496 F.3d at 1328-29. Because Plaintiff does not allege Sheriff Bradshaw "either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation[,]" and because Plaintiff cannot hold Sheriff Bradshaw liable under a theory of respondeat superior, Plaintiff has not alleged a basis to impose liability on him. *Harrison*, 746 F.3d at 1298 (alteration added).

### e. Official Capacity

Plaintiff alleges official capacity claims against all Defendants. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.] . . ." *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 691 n.55 (1978) (alterations added). "Such suits against municipal officers are therefore, in actuality, suits directly against the [municipality] that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (alteration added). As to PBCSO, the governmental entity that the Defendants represent, Palm Beach County is the real party in interest. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, Plaintiff's official-capacity claims against Defendants are really claims against Palm Beach County and should be treated as such.

Regarding Palm Beach County, "[a] municipality may be held liable under § 1983 if the plaintiff shows that a 'custom' or 'policy' of the municipality was the 'moving force' behind the constitutional deprivation." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)

(alteration added; citation omitted). "A plaintiff . . . has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (alteration added). However, "an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred." *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996).

As to Wellpath, the same standard applies. "When a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). The entity thus "becomes the functional equivalent of the municipality." *Id.* Since "[a] municipality can be liable under § 1983 only where the alleged constitutional harm is the result of a custom or policy[,]" a plaintiff suing a private entity under the civil-rights statutes must show that "a custom or policy" caused the alleged constitutional violation. *Brennan v. Headley*, 807 F. App'x 927, 937-38 (11th Cir. 2020) (alterations added); *see also James v. Bartow Cnty., Ga.*, 798 F. App'x 581, 586 (11th Cir. 2020) (same).

Here, Plaintiff has not stated a facially plausible deliberate indifference to a serious medical need claim against any individual Defendants. Neither has he alleged the existence of any custom, policy, custom, or practice that was the moving force behind the Defendants alleged constitutional violation. Plaintiff has not stated a cognizable *Monell* claim, thus, his official capacity claims against all Defendants must be dismissed.

**f.   Medical Negligence – Supplemental State Law Claims**

Finally, to the extent Plaintiff raises supplemental state law claims of medical negligence against Defendants, those claims must also be dismissed. Plaintiff has yet to state a cognizable federal claim, thus, he has not alleged an adequate basis for such supplemental jurisdiction. *See* 28

U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if [.] . . the district court has dismissed all claims over which it has original jurisdiction[.]" (alterations added)); *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (judicial economy, fairness, convenience, and comity dictate dismissal of state claims when court dismisses all federal claims before trial).

Plaintiff is provided one opportunity to rectify the Complaint. Plaintiff is instructed to follow the directives and applicable rules articulated in this Order if he still wishes to pursue this action. Consistent with the goal of Fed. R. Civ. P. 8, the amended complaint and its memorandum shall not exceed twenty (20) pages in length.

### V.      CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, **ECF No. [3]**, is **GRANTED**.

2.      Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED with leave to amend**. On or before **April 8, 2022**, Plaintiff shall file an amended complaint, signed under the penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3.      The amended complaint must be labeled "Amended Complaint" and must show Case No.: **22-CV-80421-BLOOM**, so that it will be filed in this case.

4.      The amended complaint must contain a separate paragraph as to each defendant explaining what that defendant did and the supporting facts to show why that person is being sued. Plaintiff is reminded that his amended complaint should at the very least cure the factual deficiencies identified to state a plausible claim for relief. The amended complaint shall be the **sole operative** pleading in this case. Plaintiff may

Case No. 22-cv-80421-BLOOM

not incorporate by reference any allegations contained in his previous filings or in any supplemental filings.

5.    Plaintiff is warned that failure to timely file the amended complaint will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b).

6.    The Clerk is **DIRECTED** to provide Plaintiff with a copy of the form for a complaint under 42 U.S.C. § 1983 alongside this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 18, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Reginald Andrew Paulk, Sr., *Pro Se*
#600419
South Florida Reception Center
Inmate Mail/Parcels
14000 NW 41st Street
Doral, FL 33178

13