UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-80421-BLOOM

REGINALD ANDREW PAULK, SR.,

    Plaintiff,

v.

RICK BRADSHAW, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff Reginald Andrew Paulk, Sr.'s Amended Complaint filed under 42 U.S.C. § 1983, ECF No. [7]. For reasons set forth below, the Amended Complaint is dismissed without prejudice for failure to state a claim.

### I.    BACKGROUND

On March 18, 2022, the Court screened Plaintiff's initial complaint. *See* ECF No. [4]. Upon review, the Court identified several deficiencies in the complaint and issued an order dismissing the complaint with leave to amend. *See* ECF No. [4] at 11 ("Plaintiff has not stated a facially plausible deliberate indifference to a serious medical need claim against any individual Defendants. Neither has he alleged the existence of any custom, policy, [] or practice that was the moving force behind the Defendants alleged constitutional violation." (alteration added)).

On March 25, 2022, Plaintiff filed the Amended Complaint. ECF No. [7] at 12. In the Amended Complaint, Plaintiff raises one claim of deliberate indifference against Defendant, Wellpath Health Services ("Wellpath"), the entity that provides medical care for inmates in the custody of the Palm Beach County Sheriff's Office ("PBCSO"). *Id.* at 4–5. At the time of the events underlying the Amended Complaint, Plaintiff was in the custody of the PBCSO. *Id.*

Plaintiff states that Wellpath was aware of his "degenerative joint/knee condition," that two Wellpath-contracted orthopedic specialists concluded that "immediate knee replacement surgery was required," and that for two years Wellpath "failed to provide recom[m]ended/prescribed treatment[.]" *Id.* at 5 (alterations added). Plaintiff seeks compensatory damages for pain and suffering and "mental anguish," as well as injunctive relief. *Id.* at 6.

## II.   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Although the Court must liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (per curiam) (citation omitted). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (citation and internal quotations marks omitted). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . judges cannot and must not 'fill in the blanks' for pro se litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172-CIV, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation omitted).

### III.   DISCUSSION

Because Plaintiff was a pretrial detainee at the time of the events underlying the Amended Complaint, the Court analyzes Plaintiff's deliberate indifference to a serious medical need claim under the Due Process Clause of the Fourteenth Amendment. *See Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016) ("While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of

the Fourteenth Amendment.").

Plaintiff raises one deliberate indifference to a serious medical need claim against the Defendant in its individual and official capacity. ECF No. [7] at 2. Plaintiff's allegations against Wellpath are as follows: Wellpath was aware of Plaintiff's degenerative joint/knee condition, ECF No. [7] at 5; two Wellpath-contracted orthopedic specialists reviewed Plaintiff's x-rays and concluded that "immediate knee replacement surgery was required," *id.*; and Wellpath contributed to the delay and denial of medical treatment when it failed "to provide recom[m]ended/prescribed treatment[,]" *id.* (alterations added).

To state a facially plausible individual capacity claim, personal involvement of an individual is required. *See Iqbal*, 556 U.S. at 677 (under § 1983 "each Government official . . . is only liable for his or her own misconduct" (alteration added)). Here, the only named Defendant in the Amended Complaint is the entity, Wellpath. Thus, Plaintiff's individual capacity claim against Wellpath must be dismissed for failure to state a claim.

Plaintiff's official capacity claim against Wellpath must also be dismissed for failure to state a claim. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.] . . ." *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 691 n.55 (1978) (alterations added). "When a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). The entity thus "becomes the functional equivalent of the municipality." *Id.* Since "[a] municipality can be liable under § 1983 only where the alleged constitutional harm is the result of a custom or policy[,]" a plaintiff suing a private entity under the civil-rights statutes must show that "a custom or policy" caused the alleged constitutional violation. *Brennan v. Headley*, 807 F. App'x 927, 937-38 (11th Cir. 2020) (alterations added); *see also James v. Bartow Cnty., Ga.*, 798 F. App'x 581, 586 (11th

4

Cir. 2020) (same).

"To establish . . . deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Id.* (citation omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam) (citation omitted).

The Court previously instructed Plaintiff that his allegations were "without any factual support that Wellpath disregarded a serious risk of harm" and "merely a formulaic recitation of the elements of a deliberate indifference to a serious medical need claim." ECF No. [4] at 8. Plaintiff's Amended Complaint does not correct these deficiencies. Rather, the Amended Complaint provides even less factual support than the initial complaint. Even if Plaintiff had alleged an underlying constitutional violation, Plaintiff did not allege the existence of any Wellpath custom, policy, or practice that was the moving force behind the constitutional violation. Thus, Plaintiff has not stated a cognizable official capacity claim against Wellpath.

### IV. CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** that Plaintiff's Amended Complaint, **ECF No. [7]**, is **DISMISSED** without prejudice for failure to state a claim. The Clerk is directed to **CLOSE** this case.

Case No. 22-cv-80421-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Reginald Andrew Paulk, Sr., *Pro Se*
#600419
South Florida Reception Center
Inmate Mail/Parcels
14000 NW 41st Street
Doral, FL 33178